UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY NGUYEN,<br><br>                          Plaintiff,<br><br>v.<br><br>SECURITIAS SECURITY SERVICES USA, INC.,<br><br>                        Defendant. | Case No.: 3:17-cv-02096-CAB-(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND REMANDING TO STATE COURT [Doc. No. 16]** |

      Plaintiff Kenny Nguyen brought this action in state court asserting several claims for wage and hour violations under California law. Defendant Securitas Security Services USA, Inc. removed to this Court on the basis of preemption under section 301 of the Labor Management Relations Act (the "LMRA"). Plaintiff filed a First Amended Complaint ("FAC") [Doc. No. 15], and Defendant now moves to dismiss [Doc. No. 16]. Plaintiff opposes dismissal and requests in his opposition brief [Doc. No. 20] that the case be remanded to state court for lack of federal subject matter jurisdiction. In reply [Doc. No. 23], Defendant argues that Plaintiff did not timely file a motion for remand and, therefore, remand is inappropriate. For the reasons discussed below, Defendant's motion is **GRANTED** to the extent that Plaintiff's FAC could be construed as asserting a claim under the LMRA, but is **DENIED** as to Plaintiff's state law claims. The case is hereby **REMANDED** to state court.

BACKGROUND

A. Procedural History

Plaintiff filed this action on August 10, 2017 in the Superior Court of California for the County of San Diego, where it was assigned case number 37-2017-00029319-CU-OE-CTL. [Doc. No. 1-2.] His original complaint asserted claims for failure to provide meal periods, failure to provide accurate wage statements, declaratory relief, and unlawful business practices. [Doc. No. 1-2 at 9-24.] On October 12, 2017, Defendant answered the complaint [Doc. No. 2] and removed to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331 based on LMRA preemption, as well as supplemental jurisdiction under 28 U.S.C. § 1367 [Doc. No. 1]. Plaintiff filed the FAC on January 16, 2018 [Doc. No. 15], and Defendant now moves to dismiss [Doc. No. 16].

B. Allegations of the Complaint

Defendant, a company that provides security services throughout the United States, employed Plaintiff as a security guard in San Diego, California from 2009 to 2015. FAC ¶6. Defendant provided documents to Plaintiff and other security guards at the time of their hiring and orientation informing them that would be required to remain on the job site for meal breaks and that they must sign an agreement to that effect, which Plaintiff in fact signed. *Id.* ¶¶ 12–14. Plaintiff routinely worked shifts longer than five hours without off-duty meal breaks or compensation for missing such breaks, and routinely worked shifts longer than four hours without rest breaks. *Id.* ¶¶ 17–20.

Plaintiff brings four claims: (1) failure to provide meal periods or compensation under California Industrial Welfare Commission ("IWC") Wage Order 4-2001 and California Labor Code sections 200, 203, 226.7, and 512, FAC ¶¶ 27-48; (2) failure to provide accurate wage statements under Labor Code section 226, FAC ¶¶ 49-54; (3) unlawful, deceptive, or unfair business practices under California Business and Professions Code section 17200, for which Plaintiff seeks restitution and injunctive relief, FAC ¶¶ 55–60; and (4) failure to provide rest breaks or compensation under Labor Code section 226.7 and IWC Wage Order 4-2001, FAC ¶¶ 61-68. Plaintiff states in an introductory section of

the FAC addressing jurisdiction that "this Court has original jurisdiction because Plaintiff's state law claims are completely preempted by Section 301 of the Labor Management Relations Act." *Id.* ¶ 3.

C. Request for Judicial Notice

The parties jointly request judicial notice of a collective bargaining agreement (the "CBA") between Defendant and the Service Employees International Union, United Service Workers West (the "Union"), effective from June 26, 2013 through July 31, 2018 and covering all non-supervisory full time and regular part time security officers employed by Defendant who are assigned to work at Kaiser Permanente facilities. [Doc. No. 16-2; Doc. No. 1-7 at 4.]

DISCUSSION

A. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.*

(quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## B. Analysis.

Defendant removed this matter to federal court on the basis of preemption under LMRA section 301. [Doc. No. 1.] In the motion to dismiss, Defendant argues that the FAC fails to state a claim because LMRA section 301 preempts Plaintiff's claims and Plaintiff failed to file his claim within the statutory deadline under the LMRA. [Doc. No. 16 at 14-21.] Plaintiff argues his claims all arise under state law and are not preempted by the LMRA. [Doc. No. 20 at 9-16.] If there is no preemption, then there is no basis for federal subject matter jurisdiction.

The Court has original "federal question" jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. Removal based on jurisdiction under section 1331 is governed by the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

The doctrine of complete preemption, however, is an exception to the well-pleaded complaint rule. Under this doctrine, the force of certain federal statutes is considered so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *see also Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). The LMRA is a federal statute with complete preemptive force. 29 U.S.C. § 185; *see also Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers,* 390 U.S. 557, 559-60 (1968). The preemptive force of Section 301 extends beyond suits that allege contract violations to encompass suits that

allege breaches of duties assumed in collective bargaining agreements. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

1. The LMRA does not Preempt Plaintiff's Claim.

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), states in relevant part:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties ..."

Section 301 preemption applies "beyond cases specifically alleging contract violation to those whose resolution 'is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.' " *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (*en banc*) (*quoting Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985)). However, Section 301 only preempts "claims founded directly on rights created by collective-bargaining agreements," and "claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer,* 255 F.3d at 691.

Here, Plaintiff's first claim for relief is for failure to provide meal periods or compensation in lieu thereof under California Labor Code Sections 226.7 and 512. Defendant contends that this claim is preempted by the LMRA because the claim is inextricably intertwined with the CBA and/or requires interpretation of the CBA. [Doc. No. 16 at 16-20.]

Courts apply a two-part test for determining whether a claim is preempted by Section 301. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). First, the court determines "whether the asserted cause of action involves a right conferred

upon an employee by virtue of state law, not by a" collective bargaining agreement. *Id*. at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id*. If the right exists independent of the CBA, the court turns to the second prong: whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* (internal citation and quotation marks omitted). If the claim does not depend on analysis of a collective bargaining agreement, the claim is not preempted and may proceed under state law. However, if the claim does depend on an analysis of a collective bargaining agreement, the claim is preempted. The court's decision in this regard is based on "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Id. (quoting Livadas v. Bradshaw*, 512 U.S. 107, 121 (1994)). "[T]he bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124.

a) Prong One: Plaintiff's Meal Break Claim Arises Under State Law

Defendant has not established that the first prong of the LMRA preemption test is met. Plaintiff alleges that he "routinely worked in excess of five (5) hours, and/or multiples thereof, but Defendant failed to provide Plaintiff the off-duty meal periods or otherwise compensate Plaintiff for missed meal periods, in violation of IWC Wage Order 4-2001 and applicable provisions of the California Labor Code provisions as alleged herein." FAC ¶17. This claim is based on a right conferred by state law rather than the CBA. "Because these meal period rights are considered 'non-negotiable' under California law, plaintiff's claims are not subject to preemption under LMRA § 301." *Stone v. Sysco Corp.*, No. 16-CV-01145-DAD-JLT, 2016 WL 6582598, at *7 (E.D. Cal. Nov. 7, 2016) (considering the same meal break allegations as here). While the CBA also includes provisions regarding meal breaks, this is insufficient to mandate preemption. *See, e.g., Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 960 (C.D. Cal. 2014) ("California state law claims alleging meal period violations are not preempted

even where the CBA includes language entitling employees to such breaks"). Defendant has therefore failed to meet its burden to establish preemption under Prong One.

### b) Prong Two: The Claim Does Not Depend on Interpretation of the CBA

With respect to the second prong of the LMRA preemption test, Defendant argues that the CBA's references to meal breaks mean that resolution of Plaintiff's meal break claim would require interpretation of the CBA. However, Plaintiff's meal break claim relies entirely on provisions of the California Labor Code and IWC Wage Order and does not seek to enforce any provision of the CBA. Therefore, interpretation of the CBA is not required and no preemption exists. *See Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F.Supp.2d 1107, 1113 (C.D. Cal. 2005)(finding under well-pleaded complaint doctrine, claims for missed meal breaks brought solely under the California Labor Code do not trigger preemption under Section 301). Moreover, while the Court may need to refer to the CBA for wage rates to calculate damages owed to Plaintiff under California state law, mere reference to the CBA for wage payment calculations does not trigger preemption. *Id.* at 1113 (if the claim requires interpreting the CBA it is preempted, but if it merely requires "looking to" the CBA it is not preempted). Defendant has therefore failed to meet its burden to establish preemption under Prong Two.

### 2. Affirmative defenses to not give rise to section 301 preemption.

Defendant also argues that Labor Code sections 512(e), 512(f) and 514 – which exempt certain employees from the state's meal period and overtime statutes – trigger LMRA preemption of claims pleaded as Labor Code violations. However, these provisions are affirmative defenses under California law and do not give rise to section 301 preemption, even if adjudication of those defenses would require reference to the CBA. *See Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F.Supp.3d 932, 954 (C.D. Cal. 2014)(holding because defendant-employer's reliance on Labor Code section 514 is essentially a defense to the plaintiff-employee's overtime claim, it does not give rise to [section] 301 preemption"); *Young v. Securitas Security Services USA, Inc.*, 2018 WL 1142190 (N.D. Cal. March 2, 2018), at *6-7 (same with regard to meal break claim).

7

*But see*, *Coria v. Recology, Inc.*, 63 F.Supp.3d 1093, 1097-1100 (N.D. Cal. 2014)(because plaintiff fell within the section 512(e) exception for his meal period claim, he could not assert such claim under the Labor Code, and "his only basis for such . . . claim will necessarily be the [applicable] provisions of his collective bargaining agreement.") Therefore, the fact that Labor Code sections 512(e), 512(f) and 514 may provide a defense to Plaintiff's claim does not trigger preemption.

3. This Court lacks subject matter jurisdiction.

For reasons that are not clear, in the FAC, Plaintiff alleges that all of his claims are preempted by the LMRA. FAC ¶3.[1] In the opposition, Plaintiff states that "such allegations are clearly the unfortunate result of defects in the pleading" and seeks leave to amend this allegation. [Doc. No. 20 at 16-17.] Defendant argues that Plaintiff has conceded that his state law claims are preempted. [Doc. No. 16 at 16.] However, whether Plaintiff's claims are preempted by the LMRA is a question of law and, therefore, this Court is not bound by Plaintiff's allegation. *See Young,* 2018 WL 1142190, at *5. Moreover, regardless of Plaintiff's allegation, subject matter jurisdiction cannot be waived and courts have an independent obligation to determine whether subject matter jurisdiction exists. *Id.,* at *5 (citations omitted). As stated above, Plaintiff's first claim for relief is not preempted. As such, no basis for federal subject matter jurisdiction exists and this case must be remanded to the state court.

## CONCLUSION

1. Defendant's motion is **GRANTED** to the extent that Plaintiff's jurisdictional allegation of preemption could be interpreted as bringing a claim under the LMRA, and any such claim is **DISMISSED** without leave to amend.

---

[1] To the extent Plaintiff's allegation can be construed as asserting a claim under the LMRA for breach of the CBA, the claim is barred by the six-month statutory deadline. *See* 29 U.S.C. §160(b), FAC ¶6. In addition, the CBA requires any such claim be adjudicated through the CBA's grievance and arbitration process [Doc. No. 1-7 at 26-28], and Plaintiff fails to allege or argue that he exhausted these procedures. Therefore, any such claim is **DISMISSED** without leave to amend.

2. Because all of Plaintiff's claims arise under state law and are not preempted by the LMRA, the Court lacks jurisdiction, **DENIES** the motion to dismiss without prejudice to any defense or argument that Defendant might raise in a court of competent jurisdiction, and *sua sponte* **REMANDS** the case to the San Diego County Superior Court.

3. To the extent that the Court could exercise supplemental jurisdiction over those claims based on Plaintiff's possibly-pleaded and now-dismissed LMRA claim, the Court declines to do so.

4. The Clerk is instructed to **CLOSE** the case.

**IT IS SO ORDERED.**

Dated: April 17, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge